UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No. 17-139 |
| JILL ANDRAS LEBLANC | SECTION I |

## ORDER & REASONS

Before the Court is defendant Jill Andras LeBlanc's ("LeBlanc") motion[1] to amend and correct her sentence pursuant to 18 U.S.C. §§ 3553(b), 3742(f)(1), and 3742(f)(2). For the following reasons, the motion is denied.

### I.

On January 3, 2018, LeBlanc pled guilty to counts one and two of a superseding bill of information, which charged wire fraud in violation of 18 U.S.C. §§ 1343 and 2 and theft of government funds in violation of 18 U.S.C. §§ 641 and 2, respectively.[2]

During LeBlanc's rearraignment proceeding, LeBlanc affirmed to the court that she had read and understood her plea agreement, which contained explicit waivers of certain rights to appeal or collaterally attack her sentence and the manner in which it was determined.[3] One such waiver applied to the right to appeal or contest "any aspect of her sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code,

---

[1] R. Doc. No. 105.
[2] R. Doc. No. 37.
[3] *See* R. Doc. No. 92, at 22–24; R. Doc. No. 38, at 3.

1

Section 1291."[4] An additional waiver pertained to the right to "challenge the manner in which her sentence was determined," as well as "the application [of the sentencing guidelines] by any judge to the defendant's sentence and judgment."[5]

Contrary to LeBlanc's assertion that the plea agreement provided for a sentence of "36–41 months imprisonment,"[6] the agreement states that "the defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law."[7] Furthermore, in response to the court's inquiry during the rearraignment, LeBlanc affirmed that no one made any promises to her as to the sentence she would receive.[8] At LeBlanc's rearraignment proceedings, the court further advised LeBlanc that the sentencing guidelines are advisory and that LeBlanc could receive a sentence greater than the applicable guideline range, as long as the sentence did not exceed the statutory maximum.[9]

On June 6, 2018, this Court sentenced LeBlanc to a term of imprisonment of one hundred months as to each of counts one and two, to be served concurrently, and a three-year term of supervised release.[10] The sentence imposed was an upward variance from the guideline range based on the Court's consideration of the factors

---

[4] R. Doc. No. 38, at 3.
[5] *Id.*
[6] R. Doc. No. 105, at 2.
[7] R. Doc. No. 38, at 4.
[8] R. Doc. No. 105, at 24.
[9] R. Doc. No. 92, at 20–21.
[10] R. Doc. No. 66.

2

set forth in 18 U.S.C. § 3553(a).[11] The sentence was not, however, in excess of the statutory maximum for either count to which LeBlanc pled guilty.[12]

LeBlanc filed a notice of appeal to the United States Fifth Circuit Court of Appeals on June 26, 2018,[13] and the government moved to dismiss the appeal pursuant to the appellate waiver in LeBlanc's plea agreement.[14] The Fifth Circuit granted the government's motion, and her appeal was dismissed.[15] LeBlanc's petition for a writ of certiorari was also denied by the United States Supreme Court.[16]

## II.

LeBlanc has not cited any valid legal basis that would support her motion for a sentence modification.[17] Although she brings her motion pursuant to 18 U.S.C. §§ 3553(b), 3742(f)(1), and 3742(f)(2), those statutes are inapposite.[18]

Accordingly,

**IT IS ORDERED** that the motion is **DENIED.**

---

[11] *See* R. Doc. No. 68, at 3; R. Doc. No. 94, at 43–44.

[12] The statutory maximum term of imprisonment as to count one, which charged violations of 18 U.S.C. §§ 1343 and 2, is twenty years. The statutory maximum as to count two, which charged a violation of 18 U.S.C. §§ 641 and 2, is ten years.

[13] R. Doc. No. 77.

[14] R. Doc. No. 00514850985, *United States v. LeBlanc*, No. 18-30767 (5th Cir. Feb. 26, 2019).

[15] R. Doc. No. 00514872635, *United States v. LeBlanc*, No. 18-30767 (5th Cir. Mar. 14, 2019).

[16] *LeBlanc v. United States*, No. 18-9672, 2019 WL 4922269, at *1 (U.S. Oct. 7, 2019).

[17] Moreover, through her plea agreement, LeBlanc waived her right to challenge her sentence under 18 U.S.C. § 3742. *See* R. Doc. No. 38, at 3.

[18] 18 U.S.C. § 3553(b) governs the application of the sentencing guidelines and the circumstances that the court should consider when imposing a sentence. 18 U.S.C. §§ 3742(f)(1) and 3742(f)(2) apply to sentence review by the appellate courts.

New Orleans, Louisiana, November 20, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**